UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEPHEN GARZONE,

       Plaintiff,

- against –

THE CITY OF NEW YORK,
NEW YORK CITY POLICE CAPTAIN ANTHONY
IMMINETTI (in his individual and official capacity),
AND JOHN DOES #1-10
(John Does 1-10 are police officers within the NYPD
the names of which are not yet known by Plaintiff)

Case No.19-cv-2867

------------------------------------------------------------------X

      STEPHEN GARZONE ("Plaintiff"), alleges and complains of the Defendants, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff is a retired officer of the New York Police Department and a resident of the State of New York. Plaintiff brings this action against the Defendants pursuant to 42 USC 1983 for violations of his civil rights secured by the 1st, 4th, 5th, 9th, and 14th Amendments of the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. Plaintiff seeks compensatory, statutory, and punitive damages against the Defendants along with attorney's fees and costs, and such other relief as the Court deems just and proper.

2. Plaintiff timely filed and served a notice of claim and a 50-h hearing was held, at which Plaintiff appeared and was deposed. More than 30 days have passed since the 50-h hearing was held.

## JURISDICTION AND VENUE

3. This case involves a federal question and the court therefore has jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over claims arising under state law pursuant to 28 U.S.C. §1367(a) because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to Plaintiff's federal claims that they form a part of the same case or controversy between the parties under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## THE PARTIES

5. Plaintiff is a retired officer of the New York Police Department and a resident of the State of New York. Plaintiff resides in Staten Island, New York and the events set forth in this complaint occurred in Staten Island, New York.

6. Defendant, City of New York is a municipal organization, organized and existing under and by virtue of the laws of the State of New York.

7. Defendant, Anthony Imminetti ("Captain Imminetti"), is a duly sworn police captain with the New York City Police Department (the "NYPD")[1].

8. Defendants, John Does 1-10 are duly sworn police officers of the NYPD, the names of which are unknown. The NYPD has refused Plaintiff's requests to provide Plaintiff with the names of the officers and the NYPD has also refused to provide Plaintiff information (such as records or dispatch notes related to the

---

[1] Staten Island Police Department

   events in question that would allow Plaintiff to discover the names of the officers).

9. That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, customs, usages, and/or practices of the State or City of New York.

10. Each and all of the acts of the Individual Defendants alleged herein were committed by said Defendants while acting within the scope of their employment by Defendant, City of New York.

## FACTS

11. Plaintiff, along with his wife, is the owner of a beverage and grocery distribution company RMG Distributors, LLC ("RMG").

12. Defendant, Captain Imminetti, was at all times set forth in this complaint the owner of Giant Beverages, a company engaged in the business of distribution of beverages and other grocery items for resale.

13. Plaintiff, through his business RMG entered into a contract with Giant Beverages whereby Giant Beverages agreed to stock Plaintiff's delivery truck with certain beverages and food goods.

14. On February 14, 2018, Plaintiff went to Giant Beverages to loan his delivery truck, which was parked on the premises of Giant Beverages. Upon arriving at Giant Beverages, Plaintiff Captain Imminetti and his brother Frank Imminetti demanded that Plaintiff pay certain false invoices. Plaintiff refused to make payment of the false invoices and asked for an accounting and breakdown of the invoice, which Defendant refused to provide.

15. When Plaintiff refused to pay the invoice, Captain Imminetti advised Plaintiff, that he is a captain with the Staten Island Police Department ("NYPD") and that he has the authority to have Claimant arrested. Captain Imminetti, acting under color of law, further threatened to have Claimant arrested if he came to the warehouse again. Captain Immenetti. then dialed 911 and advised the person on the other end of the call to have the police respond to 16 Brienna Court, Staten Island, NY (the "Premises"). Plaintiff left the Premises without his delivery truck fearing imminent false arrest based on the threat of arrest made to Plaintiff by Captain Imminetti, despite the fact that no grounds for arrest existed.

16. As a result of the above incident, Plaintiff immediately notified the NYPD Department of Internal Affairs Bureau Sergeant Petrofsky of the events described above and an investigation was opened by internal affairs but no immediate steps were taken by the NYPD to allow Plaintiff to retrieve his delivery truck, which remained on the Giant Beverage lot.

17. Based upon Captain Imminetti's threat of arrest, Plaintiff did not feel that he could safely retrieve his delivery truck, thus depriving Plaintiff of his income source and ultimately causing Plaintiff to default on certain loan agreements, including the mortgage on his house. As will be described in further detail herein, Plaintiff's fears were justifiable, as Plaintiff and his family were subsequently subjected to on-going intimidation and retaliation by members of NYPD acting at the direction of Captain Imminetti.

18. On March 29, 2018, Plaintiff received correspondence from the NYPD Department of Internal Affairs Bureau that his complaint had merit and internal action would be taken.

19. Despite the NYPD Internal Affairs determination that Claimant's complaint against Captain Immenetti had merit, the NYPD took no action to rectify the abuse of power by Captain Immenetti. As a result, the threat by Captain Immenetti was never resolved and Plaintiff was deprived of his property rights and source of income, without due process of law.

20. Captain Immenetti continued to use his position as a Police Captain with the NYPD to retaliate against Plaintiff through means of on-going harassment and intimidation of Plaintiff and Plaintiff's family. The harassment and intimidation of Plaintiff and Plaintiff's family was carried out by officers of the NYPD.

21. In the two months following the report filed by Plaintiff with internal affairs against Captain Imminetti in February 2018, Plaintiff and Plaintiff's family members were pulled over a total of eight (8) times by officers in uniform, in marked police cars. Upon information and belief, the stops were done at the direction of Captain Imminetti in his capacity as a police captain.

22. Based upon my personal knowledge as a former police officer with the NYPD, the NYPD regularly employs tactics of intimidation and retaliation against certain members of the public. The use of intimidation and retaliation tactics by the NYPD is regular practice within the police department. Higher ranking members of the NYPD, such as Captain Imminetti, through their authority and rank, and at

their direction regularly direct police officers within the NYPD to harass and intimidate members of the public as a means of retaliation.

23. The NYPD uses laws, such as Section 50-a of NY Civil Rights Law, and other similar "privacy" laws, as a means to shield and cover up widespread misconduct by officers within the NYPD. The NYPD uses these privacy laws as a means to restrict members of the public, including myself, from access to police records that would disclose the on-going police misconduct. The "privacy" laws, such as NY Civil Rights Law 50-a allow members of the NYPD that have committed misconduct in the past, to repeat the misconduct in the future.

## THE POLICE STOPS

24. Eight of the nine police stops occurred without any ticket or citation being issued. The citations issued during the May 12, 2018 stop are based on violations that were allegedly witnessed and were not based on radar detection.

25. Each of the stops occurred while Plaintiff or Plaintiff's family members were driving an automobile registered in Plaintiff's name. The length of the stops varied but on at least one occasion the police stop included a full search of the vehicle.

26. The dates of the police stops are as follow:
   April 5, 2018 (Stopped Twice)

   April 14, 2018

   April 25, 2018

   April 28, 2018

   April 29, 2018

   May 2, 2018

6

May 12, 2018 (Citations Issued to Plaintiff's son)

May 25, 2018

## DAMAGE CAUSED BY DEFENDANTS' MISCONDUCT

27. The on-going stops of Plaintiff and Plaintiff's immediate family carried out by the NYPD caused Plaintiff, Plaintiff's wife, and Plaintiff's children to live in a confused and fearful state, and to suffer emotional pain, anguish, humiliation, and embarrassment.

28. Plaintiff's children would regularly ask Plaintiff, why this was happening to them and when it will stop. Plaintiff and Plaintiff's family still live in fear of retaliation by the NYPD each time they get in the car.

29. Defendants' misconduct deprived Plaintiff of his ability to make money through his delivery route and caused Plaintiff to default on certain loans including his home mortgage and resulted in Plaintiff defaulting on the terms of the purchase agreement for the delivery route.

## DEFENDANTS WERE AT ALL TIMES
## ACTING UNDER COLOR OF LAW

30. As a result of Plaintiff's complaint to internal affairs, Captain Immenetti, acting under a color of law, with the assistance of the NYPD, acting under the color of law, caused Plaintiff and Plaintiff's immediate family members to be illegally stopped, targeted, and searched and also to be unlawfully detained while driving cars registered in Plaintiff's name.

31. The numerous unlawful traffic stops and searches by on-duty members of the NYPD were done at the direction of Captain Immenetti for the sole purpose of retaliation and intimidation.

32. The NYPD was aware of the illegal actions set forth above but allowed these unlawful actions to continue against Plaintiff and Plaintiff's family members.

33. The NYPD has also knowingly participated in these on-going unlawful actions of intimidation and retaliation against Plaintiff and Plaintiff's family. The intimidation and retaliatory actions are not limited to Claimant personally, or to the events described above, as such tactics are widespread throughout the NYPD.

34. The above unlawful actions conducted in violation of the federal and state constitutional rights of the Plaintiff and his family have resulted in monetary damages from Plaintiff's loss of property and income and has damaged Plaintiff by causing Plaintiff to default on certain loan agreements. Furthermore, Defendants' actions have caused emotional pain and injury, anguish, humiliation, and embarrassment to Plaintiff and his immediate family members. Additionally, the above actions have resulted in Plaintiff incurring attorney's fees and costs related to this action and other related actions.

## COUNT I

## 42 U.S.C §1983 VIOLATIONS OF THE FIRST, FOURTH, FIFTH, NINTH AND FOURTEENTH AMENDMENTS

35. Captain Immenetti, acting under color of law, and with the assistance of the NYOD deprived Plaintiff of his property without due process, caused on-going unreasonable search and seizure of both Plaintiff and Plaintiff's immediate family members, has deprived Plaintiff of his freedom of speech and his right to Petition for redress in violation of Plaintiff's constitutional rights, and has deprived Claimant of other unenumerated rights.

36. Furthermore, with the assistance of the NYPD Defendants have deprived Plaintiff of his right to free speech and his right to petition the government for redress of grievances through intimidation and retaliatory actions aimed at prohibiting Plaintiff from communicating complaints of Captain Immenetti to internal affairs.

## COUNT II

### 42 U.S.C.§1983 ABUSE OF POWER

37. Captain Immenetti, and other members of the NYPD acting under color of law, engaged in police misconduct by abusing their authority as members of the NYPD for purposes of intimidation and retaliation against the Plaintiff and Plaintiff's family members, by making unlawful traffic stops of Plaintiff and his immediate family members a total of nine (9) times over the course of two months, including on at least one occasion, a vehicle search.

38. Furthermore, Defendants Captain Immenetti along with officers with the NYPD, acting under color of law, abused their authority as members of the NYPD by targeting Plaintiff, and Plaintiff's immediate family, with behavior that is meant to alarm, annoy, torment, and terrorize Plaintiff and Plaintiff's family, and which in fact did alarm, annoy, torment and terrorize Plaintiff and Plaintiff's immediate family. At the direction of Captain Immenetti, acting under color of law, Plaintiff and members of Plaintiff's immediate family driving vehicles registered in Plaintiff's name, have been pulled-over without cause by the NYPD a total of nine (9) times since Plaintiff filed the initial complaint against Captain Immenetti

with internal affairs. No traffic ticket or citation was issued during any of the traffic stops.

39. As a proximate and direct result of Defendants' conduct, Plaintiff and Plaintiff's family have suffered harm and damages.

## COUNT III

## 42 U.S.C.§1983 SUPERVISORY LIABILITY

40. Captain Immenetti, at all relevant times, held a supervisory position in the NYPD, with oversight responsibility for line officers. He is responsible for training, instruction, supervision, and discipline of officers. Captain Immenetti and other on-duty members of the NYPD, while on duty, engaged in behavior and conduct against Plaintiff and Plaintiff's family members in retaliation and for purposes of intimidation, as a result of Plaintiff's complaint to internal affairs. Despite having been made aware of Captain Immenetti's actions, the NYPD allowed the intimidation and harassment to continue.

41. Furthermore, upon information and belief the NYPD took no preventative or remedials measures to guard against the police misconduct engaged in by Captain Immenetti.

42.  Upon information and belief, the conduct complained of in this case is not limited to retaliation and intimidation against Plaintiff and Plaintiff's family but is instead widespread accepted practice throughout the NYPD.

43. As a proximate and direct result of the conduct of the Captain Anthony Immenetti and the NYPD, Plaintiff and Plaintiff's family have suffered emotional damages and financial harm.

## COUNT IV

## CONSTITUTIONAL TORT

44. Defendants, Captain Immenetti and the NYPD acting under color of law, violated Plaintiff's rights pursuant to Section 12 of the New York State Constitution, which provides citizens a constitutional right of security against unreasonable searches, seizures and interceptions. A damages remedy here is necessary to effectuate the purpose of Section 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

## COUNT V

## NEGLIGENT HIRING AND RETENTION

45. Defendant, New York City, through the NYPD, owed a duty of care to Plaintiff and Plaintiff's family to prevent the harassment and emotional distress sustained by Plaintiff and Plaintiff's family.

46. On March 29, 2018, Plaintiff received correspondence from the NYPD Department of Internal Affairs Bureau that his complaint had merit and internal action would be taken. Despite the NYPD Internal Affairs determination that Plaintiff's complaint against Captain Immenetti had merit, the NYPD took no action to rectify the abuse of power by Captain Immenetti. Despite the NYPD Internal Affairs determination that Claimant's complaint against Captain Immenetti had merit, the NYPD took no action to rectify the abuse of power by

Captain Immenetti, causing Plaintiff and Plaintiff's family to sustain continued harassment and intimidation.

## COUNT VI

### PENDENT CLAIM-RESPONDEAT SUPERIOR

47. At all relevant times, Captain Immenetti, and Police Officers named as John Does 1-10 were employees of the NYPD. The unlawful traffic stops by uniformed officers of Plaintiff and Plaintiff's family were done for purposes of intimidation and retaliation and in furtherance of depriving Plaintiff, of his rights and freedoms in violation of the U.S. and NY State Constitutions. Such intimidation tactics and retaliation are widespread throughout the NYPD and are an accepted practice learned through employment with the NYPD.

48. Consequently, the City is liable to Plaintiff under the doctrine of *respondeat superior* for Defendants' acts.

## COUNT VII

### PENDENT CLAIM-HARASSMENT

49. Upon information and belief Captain Immenetti instructed officers within the NYPD to intentionally target Plaintiff and Plaintiff's family with behavior, described above, that is meant to alarm, annoy, torment, and terrorize Plaintiff and Plaintiff's family.

## COUNT VIII

### PENDENT CLAIM-CONSPIRACY

50. Upon information and belief Captain Immenetti conspired with officers within the NYPD to intentionally target Plaintiff and Plaintiff's family with behavior that was meant to alarm, annoy, torment, and terrorize Plaintiff and Plaintiff's family.

## COUNT IX

### PENDENT CLAIM-MONELL

51. At all relevant times herein, Defendants, City of New York, acting through the NYPD, developed, implemented, enforced and encouraged policies exhibiting deliberate indifference to the Plaintiff's constitutional rights, which caused violation of such rights.

52. As a proximate and direct result of Defendants' conduct, Plaintiff and Plaintiff's family suffered the injuries and damages described above.

## COUNT X

### CLAIMS OF INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

53. Defendants' conduct towards Plaintiff and Plaintiff's family was extreme and outrageous. Defendants' used on-going traffic stops and searches as a means of intimidating and harassing Plaintiff and Plaintiff's family and for the purpose of suppressing Plaintiff's constitutional rights.

54. Defendants embarked on a malicious, willful, and grossly negligent course of conduct intended to cause Plaintiff and Plaintiff's family to suffer emotional distress, agony, and anxiety.

55. Defendant Captain Immenetti threatened to have Plaintiff falsely arrested and then with the assistance of on-duty officers of the NYPD caused Plaintiff and Plaintiff's immediate family harm. The aforesaid acts of intentional, reckless, and

negligent infliction of emotional distress and mental distress by Defendants constitutes misconduct.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

I. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

II. Awarding Plaintiff compensatory, statutory, and punitive damages in an amount to be determined by a jury;

III. Awarding Plaintiff reasonable attorney's fees, costs, and disbursements; and

IV. Granting such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by Jury.

Dated: May 14, 2019

*Charles A. Higgs*
Charles A. Higgs
Law Office of Charles A. Higgs
Attorney for the Plaintiff
115 E. 23rd Street, 3rd Floor
New York, NY 10010
Charles@FreshStartEsq.com
(917) 673-3768